**METROPCS, a brand of T–Mobile USA, Inc., a Delaware Corporation, Plaintiff,**

**v.**

**Mark DEVOR a/k/a Marcus W. Devor and Sheldon Chase a/k/a Chase Sheldon a/k/a Blu Chase, Defendants.**

**Case No. 1:16–cv–02949**

United States District Court, N.D. Illinois.

Signed 06/05/2017

Alana E. Zorrilla–Gaston, James Blaker Baldinger, Michelle Nichols DeLong, Stacey Kim Sutton, Carlton Fields Jorden Burt, P.A., West Palm Beach, FL, Lawrence Harris Heftman, Schiff Hardin LLP, Chicago, IL, for Plaintiff.

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS IN AID OF EXECUTION OF JUDGMENT AND FOR SANCTIONS

HON. MILTON I. SHADUR, UNITED STATES DISTRICT JUDGE

This matter having come before this Court on Plaintiff's Motion to Compel Defendants Mark Devor and Sheldon Chase's Depositions in Aid of Execution of Judgment and for Sanctions ("Motion"), and the Court having reviewed the record and Plaintiff's Motion and being advised in the premises, it is hereby

**ORDERED and ADJUDGED** that:

1. Plaintiff's Motion is GRANTED in its entirety.

2. In accordance with this Court's June 1, 2016 order for service of process, MetroPCS served Defendant Chase with the notice of deposition in aid of execution by Facebook, email, certified mail, and first class mail. In the June 1st order, the Court determined that alternate service by methods including Facebook and email are proper once a plaintiff has satisfied the Court that it has exhausted its duty of diligent inquiry and reasonable efforts to effect traditional service under the Federal Rules. As such, the Court finds that Defendant Chase was properly served the deposition notice. *See Ferrarese v. Shaw*, 164 F.Supp.3d 361, 367 (E.D.N.Y. 2016) (permitting substitute service by Facebook and email); *F.T.C. v. PCCare247, Inc.*, No. 12-7189, 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013) (permitting substitute service by Facebook and email).

3. MetroPCS served Devor the notice of deposition in aid of execution by U.S. Mail, at his last known address. As such, the Court also finds that Defendant Chase was properly served the deposition notice.

4. Therefore, Defendant Mark Devor is ordered to appear for and fully cooperate at a deposition in aid of execution of judgment on June 29, 2017 at United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Room 2306A, Chicago, Illinois 60604, at 12:00 p.m.

5. Defendant Sheldon Chase is ordered to appear for and fully cooperate at a deposition in aid of execution of judgment on June 29, 2017 at United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Room 2306A, Chicago, Illinois 60604, at 1:00 p.m. *See* FED. R. CIV. P. 69(a)(2) (stating that "In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); *Consolidated Freightways Corp. of Delaware v. Kresser Motor Serv., Inc.*, No. 94-323, 1995 WL 683587, at *1, *3 (N.D. Ill. Nov. 16, 1995) (stating that depositions in aid of execution are a permissible discovery tool under Rule 69(a)); *see also Metropcs, a Brand of T-Mobile USA, Inc. v. Raymond*, No. 15-1026, 2016 WL 8135398, at *1 (W.D. Tex. Nov. 10, 2016) (granting plaintiff's motion to compel defendant to attend deposition in aid of execution of judgment); *U.S. v. Lavendar*, No. 05-8115, 2009 WL 3823425, at *1 (S.D. Fla. Nov. 16, 2009) (same).

6. Defendants Devor and Chase are ordered to produce all non-privileged documents requested in MetroPCS's properly served Notices of Deposition *Duces Tecum* in Aid of Execution of Judgment, without objection, at the time and place of the above-scheduled depositions. *Cent. States, Se. & Sw. Areas Health and Welfare Fund v. Neurobehavioral Associates, P.A.*, No. 93-6169, 1997 WL 757879, at *2 (N.D. Ill. Dec. 2, 1997) ("The judgment creditor may use any of the discovery devices provided for in Rules 26 through 37 of the Federal Rules of Civil Procedure.") (citing 12 Charles Alan Wright et. al., *Federal Practice and Procedure*, § 3014 at 160 (2d ed. 1997)); *Our Lady of Bellefonte Hosp. v. Ashland GI Services, LLC*, No. 11-6833, 2012 WL 787199, at *3 (N.D. Ill. Mar. 9, 2012) (granting motion to compel discovery

in aid of execution of judgment including production of documents pursuant to Rule 34).

7. Failure to comply with this order may result a finding of contempt or the imposition of additional sanctions. *See* FED. R. CIV. P. 37(b)(2)(A)(i)–(vii); *Parker v. Freightliner Corp.*, 940 F.2d 1019, 1025 (7th Cir. 1991) (affirming district court's order granting sanctions for violation of discovery orders) (citation omitted); *Symons International Group, Inc. v. Continental Casualty Company*, No. 01-799, 2016 WL 3124626, at *2 (S.D. Ind. June 3, 2016) (holding party in contempt under Rule 37(b)(2)(A)(vii) for violation of court order directing discovery).

■ 8. Plaintiff is entitled to its reasonable attorneys' fees and costs: incurred preparing for Defendants' previously noticed depositions, which they failed to attend; attending those depositions, including court reporter costs; and, all fees and costs incurred in preparing and filing the Motion to Compel. Pursuant to Rule 37, Defendants' failure to attend the duly-noticed depositions as well as MetroPCS's successful motion to compel shall result in sanctions being awarded against Defendants, jointly and severally. *See* FED. R. CIV. P. 37(a)(5)(A), 37(d)(3); *Franzen v. Ellis Corp.*, No. 03-641, 2004 WL 421954, at *3 (N.D. Ill. Feb. 12, 2004) (awarding attorneys' fees and costs to movant for non-moving party's failure to appear for his duly noticed deposition); *Halas v. Consumer Services, Inc.*, 16 F.3d 161, (7th Cir. 1994) ("Rule 37(d) ... avails the district court of the same sanctions set out in Rule 37(b)[2] if a party fails [ ] to appear before the officer who is to take the deposition, after being served with a proper notice.") (internal quotation marks omitted); *Engineered Abrasives, Inc. v. American Machine Products & Service Inc.*, No. 14-

7342, 2015 WL 1281460, at *14 (N.D. Ill. Mar. 18, 2015) (awarding sanctions to prevailing party on motion to compel discovery); *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries, Inc.*, 259 F.R.D. 323, 327 (N.D. Ill. 2009) (finding defendant was required to pay attorney's fees and costs under Rule 37(a)(5)(A) to plaintiff for the necessity of having to file a motion to compel discovery); *Metropcs*, 2016 WL 8135398, at *1 (finding that "Plaintiff is entitled to its attorneys' fees and costs for preparing for Defendant's deposition, appearing for Defendant's deposition, and having to bring this Motion [to compel] as a result of Defendant's failure to appear at her deposition [in aid of execution of judgment]").

9. Plaintiff shall submit its petition for reasonable attorneys' fees and costs within thirty days of the entry of this Order.

**DONE and ORDERED** this 5 day of June, 2017.