# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LADOSHA COVERDALE, | ) | |
| | ) | |
| Appellant/Plaintiff-Below, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N20A-12-007 CLS |
| ANTWINE WITCHER, Individually | ) | |
| and as Agent for CORIN DAVIS and | ) | |
| DEAN DAVIS; CORIN DAVIS, | ) | |
| Individually and as Agent for DEAN | ) | |
| DAVIS | ) | |
| | ) | |
| Appellee/Defendants-Below. | | |

Date Submitted: February 28, 2022
Date Decided: May 4, 2022

*On Appellant's Appeal from the Order of the Court of Common Pleas.*
**REMANDED.**

## OPINION

Joseph J. Longobardi, III, Esquire, Longobardi & Boyle, LLC, Wilmington, Delaware, 19803, Attorney for Appellant/Plaintiff-Below.

Theodore J. Segletes, Esquire, Law Office of Chrissinger & Baumberger, Wilmington, Delaware, 19806, Attorney for Appellee/Defendants-Below.

**SCOTT, J.**

## INTRODUCTION

Before the Court is Appellant/Plaintiff-Below Ladosha Coverdale ("Ms. Coverdale") appeal from the decision of the Court of Common Pleas denying Appellant's amendment of her complaint to relate back to original complaint. The Court has reviewed the parties' submissions and the record below. For the following reasons, the decision of the Court of Common Pleas is **REMANDED** for proceedings consistent with this opinion.

## FACTS

This claim arises out of an automobile accident. On July 9, 2019, Ms. Coverdale filed a complaint against Dean Davis, alleging on July 9, 2017, Mr. Davis operated a vehicle when it collided with her and, as a result, she incurred medical expenses and other damages. This complaint was filed in the Court of Common Pleas for the State of Delaware in New Castle County.

On September 30, 2019, Dean Davis filed a motion to dismiss along with an affidavit stating that he was not operating the vehicle at the time the alleged collision occurred. The affidavit stated he loaned his car to his daughter, Corin Davis ("Ms. Davis"), who then allowed her friend, Antwine Witcher ("Mr. Witcher") to drive the car at the time of accident. On October 15, 2019, Ms. Coverdale filed an amended complaint seeking to add Ms. Davis and Mr. Witcher as defendants. On October 25, 2019, the court held a hearing on both the motion to dismiss and motion to amend.

Notice of this hearing was given for Mr. Witcher at two addresses: 67 Ridingwood Ln. Camden Wyoming, DE 19934 (the same address of Ms. Davis) and 1328 Thatcher St. Wilmington, DE 19802. At this hearing, the court dismissed the suit against Dean Davis, and Dean Davis' counsel raised the issue of the relation back doctrine, as it related to Mr. Witcher who had not been served. After the discussion, Ms. Coverdale orally withdrew her motion to amend as it related to Mr. Witcher until he could be served. The court granted Ms. Coverdale's motion to amend as to Ms. Davis, who was added as a defendant. On November 5, 2019, the court granted Ms. Coverdale's enlargement of time of 90 days was given to serve "defendants," which was filed on October 25, 2019.

On January 24, 2020, Ms. Coverdale moved for a subsequent motion to amend seeking to add Ms. Davis and/or Mr. Witcher. Then, on January 28, 2020, Ms. Coverdale moved for a second enlargement of time to serve "defendants." On February 7, 2020, the court heard arguments on Ms. Coverdale's motion to amend and the court readdressed the issue of relation back. Ms. Coverdale denied relation back as a continued issue because she claimed all parties were given notice within the statutory time from of the original complaint's service of process. The court, on February 7, 2020, granted Ms. Coverdale's motion to amendment and a subsequent enlargement of time for an additional 90 days, but reserved judgment on the relation

back until the issue was later raised. Ms. Coverdale immediately filed an Amended Complaint including Ms. Davis and Mr. Witcher in the caption.

On April 17, 2020, Ms. Coverdale moved to deem service complete as to Mr. Witcher. On July 29, 2020, Mr. Witcher responded to the motion to deem service complete. On August 3, 2020, both sides presented oral argument on the motion. The court found Ms. Coverdale did not provide evidence to satisfy proper service and the motion was denied. The court allowed Ms. Coverdale an additional 60 days to perfect service on Mr. Witcher. The court also asked for argument on the relation back issue and because the parties were not prepared, the court reserved judgment on the issue and ordered briefing on the issue.

In the briefing, Ms. Coverdale argued the relation back doctrine has been satisfied because (1) Mr. Witcher has actual notice of the Amended Complaint before the expiration of the statute of limitations plus the service of summons 120 day period; (2) the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading; and (3) within the serve period Mr. Witcher knew or should have known, but for a mistaken concerning the identity of the proper party, the action would have been brought against him. In support of her argument, Ms. Coverdale contends Mr. Witcher had notice through Facebook and she attached Mr. Witcher alleged Facebook page, an affidavit from Ms. Coverdale's counsel stating he spoke to

defendant on the phone on November 7, 2019, Facebook messages with Ms. Coverdale's counsel's paralegal, and photographs of the Facebook messages with Mr. Witcher.

On December 3, 2020, the court entered an order denying Ms. Coverdale's request for her amendment to relate back to the original claim and dismissed Ms. Coverdale's claims are time-barred by the Statute of Limitations. The court explained, under Rule 15: (1) suitable notice needed to be given to the newly added party within the time period for service of the summons and complaint provided in rule 4(j), meaning within 120 days of November 6, 2019, the date the complaint was filed *and* (2) Mr. Witcher needed to know by November 6, 2019, but for a mistake as to the identity, he would have been a named party to this litigation. According to the court, these requirements were not met by Ms. Coverdale.

As for suitable notice given to Mr. Witcher within the time period for service, the court found the date Mr. Witcher received notice of the lawsuit itself was not definitively established. While Ms. Coverdale showed evidence of her counsel sending the proposed amended complaint as a message to Mr. Witcher's Facebook account on November 4, 2019, she did not provide evidence as to which Mr. Witcher received or responded to that date as there was no timestamp or date on his response. The court further explained the only evidence the message was sent to the correct user was Ms. Coverdale's recognition of Mr. Witcher, two years after the accident,

in the user's associated photographs. The court did not engage in speculative fact-finding to determine if Mr. Witcher received proper notice of the lawsuit within 120 days or if the Facebook message was sent to the right person. The court also did not address Ms. Coverdale's counsel's affidavit concerning speaking with Mr. Witcher on multiple occasions including on November 7, 2019. This reasoning for this, this Court assumes, is because the date fell outside of the proposed 120-days for service from the filing of the original complaint.

As for whether Mr. Witcher knew by November 6, 2019, again using the 120-days from the filing of the original complaint, but for a mistake as to the identity, he would have been a named party to this litigation, the court approached the issue with a two-part inquiry. The first part was the determination of whether there was a qualifying mistake. It seems the court concluded Ms. Coverdale's mistake did not qualify under the rule because she failed to figure out the correct party or chose to sue an improper party. Ms. Coverdale did not investigate or explain why she named Mr. Davis rather than Mr. Witcher, nor did she alleged she believed Mr. Davis was the driver of the vehicle on the day of the accident. She simply brought suit against the insured of the vehicle. The second inquiry is whether Mr. Witcher was aware of the mistake? The court explained this question requires Mr. Witcher's awareness of Ms. Coverdale's mistaken belief. The court was not satisfied with Ms. Coverdale assertion of the Facebook message serving as evidence of Mr. Witcher's knowledge

6

regarding Ms. Coverdale's intent to include him in the lawsuit. This assertion, in the court's opinion, answers the wrong question. According to the court's opinion, the question was not whether Mr. Witcher knew or should have Ms. Coverdale intended to include him in the lawsuit; the question was whether Mr. Witcher knew before November 6, 2019, he should have been included in the lawsuit had Ms. Coverdale not made the "mistake" of not identifying him as a proper party in her original filing. The court reiterated it was not satisfied with the Facebook message as means of notice. This appeal follows.

## PARTIES CONTENTIONS

On appeal, Ms. Coverdale grounds for her appeal are the court's decision was based on an error of law, the decision was not supported by the facts, and the court's decision was an abuse of discretion.

While alleging many grounds for her appeal, in Ms. Coverdale's Opening Brief, filed on March 11, 2021, the sole argument is the trial court committed legal error when it found she did not satisfy the requirements of Rule 15(c). Ms. Coverdale retains her contention Mr. Witcher had actual notice of the Amended Complaint before the expiration of that Statute of Limitations plus service of summons 120-day period. Ms. Coverdale reiterates the same arguments made before the Court of Common Pleas. Additionally, Ms. Coverdale retains her contention she satisfied the mistake of Mr. Witcher as a proper party for inclusion

7

in this litigation. Again, Ms. Coverdale relies on arguments set forth in the Court of Common Pleas.

Mr. Witcher filed an Answering Brief on April 14, 2021, arguing the Court of Common Pleas did not err in denying relation back under Rule 15(c) and dismissing Mr. Witcher from the case. Mr. Witcher contends the factual findings of the court were sufficiently supported by the record and the product of an orderly and logical deductive process.

Ms. Coverdale filed a Reply Brief on April 27, 2021. The Reply Brief renewed the argument contending Ms. Coverdale satisfied the notice and mistake of Mr. Witcher under Rule 15 as a proper party for inclusion in the litigation as Ms. Coverdale diligently pursued identifying, noticing, and serving the proper party. Ms. Coverdale noted the Court of Common Pleas took issue with Ms. Coverdale identifying Mr. Witcher through Facebook photos, two years after the accident and Ms. Coverdale took issue with Mr. Witcher's assertion that she failed to provide supporting documentation to prove the Facebook account the messages were sent to were Mr. Witcher's account. Ms. Coverdale argues this because she identified the Facebook photos on the account to be the driver in her accident, Ms. Coverdale's counsel allegedly spoke with Mr. Witcher about this action "two or three" times, Mr. Witcher is the same Antwine Witcher who filed an action in a separate personal injury lawsuit using the Thatcher Street address and verified his address several

times. Ms. Coverdale concludes she identified Mr. Witcher and placed the Amended Complaint with his name in the caption in his hands before the expiration of the limitations and process period. This conclusion seemed to, according to the Court of Common Pleas, misunderstand the proper notice requirement.

Mr. Witcher subsequently filed a Sur-Rely Brief on May 10, 2021. To counter Ms. Coverdale's claim Mr. Witcher received notice from court documents set to the Thatcher Street address, Appellee submits testimony Mr. Witcher's deposition for a separate case Mr. Witcher was involved in, taken on October 20, 2020, almost a year after the Facebook messages Ms. Coverdale concludes gave Mr. Witcher notice. Mr. Witcher, when asked about being sued in October 2019 for an accident which occurred previously, he said he was not sure because he did not get any paperwork. Mr. Witcher concludes he had no idea about the Facebook exchange Ms. Coverdale is referencing which served, according to Ms. Coverdale, as his notice of the pending litigation.

On November 15, 2021, the Court sought clarification from counsel on the following issues: 1. Should relation back have been decided at the same time as the motion to amend? 2. Whether the enlargements of time granted in this case extended the time for the added defendant to receive notice under the relation back doctrine? Counsel responded to these questions on December 10, 2021. The responses to these questions did not help the Court in its resolution of the case as the responses did not

directly answer the questions at bar. The Court heard oral arguments on February 28, 2022.

## STANDARD OF REVIEW

Addressing appeals from the Court of Common Pleas, the Superior Court sits as an intermediate Appellate Court.[1] As a rule, issues not raised in the trial Court shall not be heard on appeal.[2] The Court's role is to "correct errors of law and to review the factual findings of the Court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[3] Appellate Courts are bound by findings of fact made by the Trial Court that are supported by substantial evidence on the record, and are the product of an orderly and logically deductive process.[4] Superior Court does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions.[5] Errors of law are reviewed de novo.[6] Errors of law include "errors in formulating or applying legal precepts."[7]

---

[1] *State v. Richards*, 1998 WL 732960.
[2] *Wilmington Tr. Co. v. Conner*, 415 A.2d 773, 781 (Del. 1980).
[3] *Tekstrom, Inc. v. Savla*, 2006 WL 2338050, at *4 (Del. Super. 2006), *aff'd*, 918 A.2d 1171 (Del. 2007).
[4] *Id. citing*, *Shahan v. Landing*, 643 A.2d 1357 (Del. 1994); *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).
[5] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[6] *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).
[7] *Id.*

## DISCUSSION

### *An error of law in its application of Rule 15(c)*

The Court of Common Pleas Civil Rule 15(c) provides the guidance for whether an amendment adding a party will relate back to the date of the original pleading. Under the rule, the amendment will relate back to date of the original pleading when:

> (1) The claim arose out of the same underlying event alleged in the original complaint; and
> (2) Within the period provided by statute *or these Rules of service of the summons and complaint*, the party to be added
> > (A) has received notice of the lawsuit, such that he will not suffer prejudice, and
> > (B) knew or should have known that but for a mistake concerning the identity of the proper party, he would have been named as a party in the original complaint.[8]

The issue before this Court is the language of 15(c)(2), specifically "the period provided… these Rules of service of the summons and complaint." The rule is clear the defendant to be added needs to have notice and knew or should have known but for a mistake he would have been a named party within the period provided by the Court of Common Pleas rules of service of summons and complaint. It appears, the Court of Common Pleas reads this rule to mean the defendant to be added needs notice within 120 days from the filing of the original lawsuit. However, this is the improper understanding of this rule because enlargements of time to serve

---

[8] CCP Civ. R. 15(c), emphasis added.

defendants were given in this case. Under the Court of Common Pleas Civil Rules, like the Superior Court Civil Rules, service can be enlarged under Rule 6(b).[9] When service is enlarged the time period provided by the rule of service of the summons and complaint, the time period for notice is also enlarged. Therefore, Mr. Witcher need not have notice by November 6, 2019, 120-days from the filing of the original lawsuit prescribed in Rule 4(j). Rather, Mr. Witcher would need to have notice by the time the multiple enlargements of time requests expired.

This Court agrees if no enlargement of time were granted to Ms. Coverdale, the analysis of 15(c) submitted by the Court of Common Pleas on December 3, 2020, would have correctly applied the rules to the present facts. However, the Court of Common Pleas approach to these facts give no weight to its court's granting of enlargements of time to provide service. The tolling of the notice period with the granting of an enlargement of time seems to be a case of first impression for this Court. With no precedent from the Delaware Supreme Court, this Court looks to similar situations before it. In *Ellis v. Davis*, this Court denied an enlargement of time and found a proposed amendment did not relate back to the original claim because "the relation back claim itself depends here on the grant of an extension of time for service of process" which was not present under the facts of *Ellis*.[10] Under

---

[9] CCP Civ. R. 6(b).
[10] *Ellis v. Davis*, No. CIV.A. 96C-11-035WTQ, 1997 WL 527941, at *4 (Del. Super. Ct. July 22, 1997).

the facts present in this case, because an extension of time to serve defendants were granted multiple times, the extensions need to be considered as extending the 120 days to serve a defendant under Rule 4(j).

Additionally, the court did not determine if Mr. Witcher received proper notice of the lawsuit within the time period it regarded as proper or if the Facebook message was sent to the right person. Because the affidavit from Ms. Coverdale's counsel stated the date, November 7, 2019, he spoke with Mr. Witcher was one day after the period recognized by the court as the notice period, it also did not inquire into whether notice to Mr. Witcher was given. In light of the notice period being extended by the enlargement of time, it is necessary for an analysis to be done regarding Ms. Coverdale's allegation of proper notice.

It seems the parties and the court were focused on the addition of Mr. Witcher as a defendant and his service rather than if he had proper notice. Notice and service are not interchangeable terms under Rule 15. Under Rule 15(c), the term "such notice" does not refer to notice of the incident giving rise to the cause of action, but rather refers to notice of the pending lawsuit itself.[11] This notice can be either formal or informal: "service of process is not mandated, and such notice may not even have to be in writing."[12] "Delaware courts have held that 'such notice' under Rule 15(c)

---

[11] *Concklin v. WKA Fairfax LLC*, 2016 WL 6875960, at *3 (Del. Super. Nov. 16, 2016).

[12] *Pierce v Williams et al.*, 2018 WL 3655863, at *2 (Del. Super. 2018).

13

is notice of the pending litigation rather than the incident giving rise to the cause of action."[13] This means a plaintiff does not need to first file the suit before notice is given for notice to the anticipated newly added defendant to be recognized. Sending a proposed amended complaint with new defendant's name on may satisfy the notice requirement, oral notice or even notice by Facebook, may suffice.[14] This Court also draws the courts attention to the possibility of notice by and through an attorney as Mr. Witcher seems to have been represented in at least some of the proceedings. Representation of a client may rise to the level of notice as communication with the client would need to be effectuated to properly serve the best interest of said client.

Ms. Coverdale's attempts to give notice should be addressed in accordance with the new notice period. Therefore, this Court directs the Court of Common Pleas to analyze the relation back doctrine, including the notice requirement and whether

---

[13] *Id.*

[14] Federal courts suggest service of process by Facebook is permissible under a certain set of circumstances. The standard for notice is lower than that of service, therefore, the inference is notice may be given by Facebook. *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 367 (E.D.N.Y. 2016) (Service by Facebook had been "allowed in cases where 'the proposed service by Facebook is intended not as the sole method of service, but instead to backstop the service upon each defendant at ... its[ ] known email address." (quoting *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) )); see also *Baidoo v. Blood-Dzraku*, 48 Misc. 3d 309, 313-15, 5 N.Y.S.3d 709 (N.Y. Sup. Ct. 2015) (noting federal court have accepted Facebook "on condition that the papers commencing the lawsuit be served on the defendant by another method as well").

Mr. Witcher knew or should have known that but for a mistake in identity he would have been subject to suit, with this framework in mind.

## CONCLUSION

For the aforementioned reasons, the decision of the Court of Common Pleas is **REMANDED** to the Court of Common Pleas for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**